**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. _____

KAYLEE WILSON, individually and on behalf of similarly situated persons,

        Plaintiff,

v.

DFL PIZZA, LLC,

        Defendant.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

Plaintiff Kaylee Wilson, individually and on behalf of all other similarly situated pizza delivery drivers, for her Complaint against defendant DFL Pizza, LLC, alleges:

1. Defendant DFL Pizza, LLC ("DFL"), operates at least 22 Domino's Pizza stores in Colorado, Oklahoma and Wyoming. DFL employs delivery drivers who use their own automobiles to deliver pizza and other food items to DFL's customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, DFL uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = sub-minimum net wages).

2. Plaintiff brings Count I as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., to recover unpaid minimum wages owed to her and similarly situated delivery drivers employed by DFL at all its Domino's Pizza stores.

3.  Plaintiff brings Count II as a class action under the Colorado Minimum Wage of Workers Act ("CMWWA"), C.R.S.A. § 8-6-101 *et seq.,* to recover unpaid minimum wages owed to her and similarly situated delivery drivers employed by DFL at its Domino's Pizza stores located in Colorado.

## Jurisdiction and Venue

4.  The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  The CMWWA authorizes court actions by private parties to recover damages for violation of the wage provisions of the CMWWA. Jurisdiction over Plaintiff's CMWWA claim is based on 28 U.S.C. § 1367 and C.R.S.A. § 8-6-118.

6.  Venue in this District is proper under 28 U.S.C. § 1391 because DFL resides in this District, employed Plaintiff in this District, and substantial events and occurrences giving rise to the claims occurred in this District.

## Parties

7.  DFL is a Colorado limited liability company that operates a chain of Domino's Pizza stores including stores located in this District.

8.  From September 2016 to approximately September 2017, Plaintiff Kaylee Wilson was employed by Defendant as a delivery driver at its Domino's Pizza store at 5804 Ward Road, Arvada, Colorado. Plaintiff Wilson's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## General Allegations

### *Defendant's Business*

9.  DFL owns and operates approximately 22 Domino's Pizza franchise stores in Colorado, Oklahoma and Wyoming.

10. DFL employs delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendant's Flawed Reimbursement Policy*

11. DFL requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

12. DFL's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of DFL.

13. DFL's delivery driver reimbursement policy reimburses drivers based on a per-mile rate, but that per-mile rate falls far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all DFL delivery drivers.

14. The result of DFL's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

15. During the applicable limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of driving a sedan 15,000 miles per year ranged between $.531 and $.58

per mile during the same period. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

16. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. DFL's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

17. DFL's reimbursement policy does not reimburse its delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle; thus DFL uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for DFL's benefit.

18. DFL systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to DFL such that the hourly wages they pay to Plaintiffs and their other delivery drivers are not paid free and clear of all outstanding obligations to DFL.

19. DFL fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal and Colorado minimum wages.

20. In sum, DFL's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

**_DFL's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations_**

21. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, DFL's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic minimum wage violations.

22. Defendant paid Plaintiff Wilson $6.28 per hour while making deliveries and $8.31 per hour in 2016 and $9.30 per hour in 2017 while working in the store, plus a tip credit applied to the hours she spends making deliveries to achieve the federal and Colorado minimum wages.

23. The federal minimum wage has been $7.25 per hour since July 24, 2009.

24. Colorado's hourly minimum wage was $8.31 in 2016 and it is $9.30 in 2017.

25. During Plaintiff Wilson's employment, DFL provided her a per-trip reimbursement of approximately $1.25 for the first delivery of each trip and $0.625 for any additional delivery on any given trip.

26. The weighted average of per-trip reimbursements that Defendants provided Plaintiff Wilson is about $1.03 ((about 65% x $1.25) + (about 35% x $.625) = $1.03).

27. Throughout her employment with DFL, Plaintiff Wilson experienced an average delivery distance of at least 5 miles per delivery.

28. Thus, Defendants provided Plaintiff Wilson an average per-delivery reimbursement of about $0.205 per mile ($1.03 per delivery / 5 miles).

29. During this same time period, the lowest IRS standard business mileage reimbursement rate has been $.535 per mile, which reasonably approximates the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable

approximation of Plaintiff Wilson's automobile expenses, every mile driven on the job decreased her net wages by approximately $.33 ($.535 - $.205) per mile or more. Considering Plaintiffs' estimate of at least 5 miles per delivery, DFL under-reimbursed her at least $1.65 per delivery ($.33 x 5 miles), or more.

30. During her employment by DFL, Plaintiff Wilson typically averaged at least 2 deliveries per hour.

31. Thus, comparing DFL's reimbursement rate to the IRS rate, Plaintiff Wilson "kicked back" to DFL at least $3.30 per hour ($1.65 per delivery x 2 deliveries per hour), for an effective sub-minimum hourly wage rate of at most $5.01 per hour ($8.31 - $3.30 kickback) in 2016 and $6.00 ($9.30 per hour - $3.30 kickback) or less in 2017.

32. All DFL delivery drivers had similar experiences to those of Plaintiff Wilson. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage before deducting unreimbursed business expenses.

33. Because DFL paid its drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to DFL an amount sufficient to cause minimum wage violations.

34. While the amount of DFL's actual reimbursements per delivery may vary over time, DFL has relied on the same flawed policy and methodology with respect to all delivery drivers at all its Domino's Pizza stores. Thus, although reimbursement amounts

may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

35. DFL's low reimbursement rates were a frequent complaint of at least some DFL delivery drivers, yet DFL continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

36. The net effect of DFL's flawed reimbursement policy is that it willfully fails to pay minimum wage to its delivery drivers. DFL thereby enjoys ill-gained profits at the expense of its employees.

### Collective and Class Allegations

37. Plaintiff brings her FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

38. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

39. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging DFL's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from DFL's records, and potential class members may be notified of the pendency of this action via mail.

40. Plaintiff and all DFL's delivery drivers are similarly situated in that:

    a. They have worked as delivery drivers for DFL delivering pizza and other food items to DFL's customers;

    b. They have delivered pizza and other food items using automobiles not owned or maintained by DFL;

    c. DFL required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. They incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of DFL;

    e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. They were subject to the same pay policies and practices of DFL;

    g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks; and

    h. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

41. Plaintiff brings her CMWWA claim as a class action on behalf of similarly situated delivery drivers in Colorado during the past two years pursuant to Fed. R. Civ. P. 23.

42. Plaintiff's CMWWA claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

43. The Class sought in Count II satisfies the numerosity standard because it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

44. Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from DFL's actions include, without limitation:

    a. Whether they have worked as delivery drivers for DFL delivering pizza and other food items;

    b. Whether they have delivered pizza and other food items using automobiles not owned or maintained by DFL;

    c. Whether DFL required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. Whether they incurred costs for automobile expenses while delivering pizza and other food items for the primary benefit of DFL;

    e. Whether they were subject to similar automobile expenses;

    f. Whether they were subject to similar pay rates;

    g. Whether they were subject to the same policy of failing to reimburse for automobile expenses; and

    h. Whether DFL's pay and reimbursement policies resulted in wages below the Colorado minimum wage in some or all workweeks.

45. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

46. Plaintiff's claim is typical of those of the Class sought in Count II in that:

a. They have worked as delivery drivers for DFL delivering pizza and other food items to DFL's customers;

b. They have delivered pizza and other food items using automobiles not owned or maintained by DFL;

c. DFL required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of DFL;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of DFL;

g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the Colorado minimum wage in some or all workweeks; and

h. They were paid at or near Colorado's minimum wage before deducting unreimbursed business expenses.

47. Plaintiff is an adequate representative of the Class sought in Count II because she is a member of that Class and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

48. Maintaining the claim asserted in Count II as a class action is superior to other available methods to fairly and efficiently adjudicate the controversy as members of the Class have little interest in individually controlling the prosecution of separate actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

49. It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## Count I: Violation of the Fair Labor Standards Act of 1938

50. Plaintiff reasserts and re-alleges the allegations set forth above.

51. At all relevant times herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

52. Plaintiff and all DFL delivery drivers are "employees" within the scope and meaning of the FLSA. 29 U.S.C. § 203(e).

53. DFL is an "employer" of Plaintiff and other delivery drivers within the scope and meaning of the FLSA. 29 U.S.C. § 203(d).

54. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

55. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

56. DFL is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

57. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

58. As alleged herein, DFL has, and continues to, uniformly reimburse delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

59. DFL knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

60. DFL, by its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated delivery drivers.

61. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in DFL's stores.

62. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated

automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because DFL acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

63. DFL has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find DFL did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

64. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by DFL from Plaintiff and all similarly situated employees.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against DFL for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs of this action, as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### COUNT II: Violation of the Colorado Minimum Wage of Workers Act

65. Plaintiff reasserts and re-alleges the allegations set forth above.

66. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the CMWWA, C.R.S.A. § 8-6-101, et seq. and the wage orders incorporated therein, 7 CCR § 1103-1.

67. During all times relevant to this action, DFL was the "employer" of Plaintiff and the Class within the meaning of the CMWWA. *Id.*

68. During all times relevant to this action, Plaintiff and the Class were DFL's "employees" within the meaning of the CMWWA. *Id*.

69. The CMWWA exempts certain categories of employees from Colorado's minimum wage and other obligations, none of which apply to Plaintiff or the Class. C.R.S.A. § 8-6-108.5, et seq.; 7 CCR 1103-1.

70. The CMWWA regulates, among other things, the payment of minimum wage by employers who employ any person in Colorado, subject to limited exemptions not applicable herein. C.R.S.A. § 8-6-108.5; 7 CCR 1103-1.

71. Pursuant to the CMWWA, employees were entitled to be compensated at a rate of $8.00 per hour in 2014, $8.23 in 2015, $8.31 in 2016, and $9.30 per hour in 2017. *Id.*

72. DFL, pursuant to its policy and practice, violated the CMWWA by refusing and failing to pay Plaintiff and other similarly situated employees Colorado minimum wage. *Id.*

73. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. On information and belief, this uniform policy, in violation of the CMWWA, has been applied, and continues to be applied, to all Class members in DFL's other Domino's Pizza stores in Colorado.

74. Plaintiff and all similarly situated employees are entitled to damages equal to the difference between the minimum wage and actual wages received after deduction for job-related expenses within the two years preceding the filing of this Complaint, plus periods of equitable tolling.

75. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

76. DFL is liable pursuant to C.R.S.A. § 8-6-118 for Plaintiff's costs incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and the Class demand judgment against DFL and pray for: (1) compensatory damages; (2) costs of litigation as allowed by C.R.S.A. § 8-6-118; (3) pre-judgment and post judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:    January 15, 2018                Respectfully submitted,

**PAUL LLP**                              **WEINHAUS & POTASHNICK**
*/s/ Richard M. Paul III*                 Mark A. Potashnick (admitted in D. Colo.)
Richard M. Paul III (admitted in D. Colo)  11500 Olive Boulevard, Suite 133
601 Walnut, Suite 300                     St. Louis, Missouri 63141
Kansas City, Missouri 64106               Telephone:    (314) 997-9150
Telephone:    (816) 981-8100              Facsimile:    (314) 997-9170
Facsimile:    (816) 981-8101              markp@wp-attorneys.com
Rick@PaulLLP.com

### ATTORNEYS FOR PLAINTIFF