# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00109-RM-MEH

KAYLEE WILSON, individually and on behalf of similarly situated persons,

       Plaintiff,

v.

DFL PIZZA, LLC, MINUTEMAN PIZZA, LTD., TRI-CITY PIZZA, INC. and PINNACLE PIZZA, INC.

       Defendants.

---

**DECLARATION OF RICHARD M. PAUL III IN SUPPORT OF**
**PLAINTIFFS' MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT**

---

I, Richard M. Paul III, declare as follows:

1. I am the managing partner of the law firm PAUL LLP, counsel of record in this case. I make this declaration in support of Plaintiffs' Motion to Approve Collective Action Settlement based on my personal knowledge, and if called to testify to the contents hereof, I could and would competently do so.

2. Following the March 14, 2018 court order conditionally certifying this case as a collective action, I caused to be mailed the Court-approved notice to the putative class members.

3. The notice states in part:

> If you choose to join this lawsuit, … you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable, on the claims asserted. You will also be bound by, and will share in, to the extent appropriate, any settlement of the claims that may be reached on behalf of the Class. By joining this lawsuit, you designate the Named Plaintiff as your representative, and to the fullest extent possible, to make decisions on your

> behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. While this suit is pending, you may be required to submit documents and written answers to questions and to testify under oath at a deposition, or testify under oath at a hearing. The law prohibits Defendants from retaliating against you for participating in this Lawsuit.

4. The notice also states:

> If you choose not to join this lawsuit, you will not be directly affected by any judgment or settlement rendered in this lawsuit, whether favorable or unfavorable to the opt-in plaintiffs.

5. To join the case, recipients of the notice were required to file a Court-approved consent form that stated:

> I hereby consent to join this action against DFL Pizza, LLC, Minuteman Pizza, Ltd., Tri-City Pizza, Inc. and Pinnacle Pizza, Inc., and any related entities, in this or any subsequent action. I designate the Named Plaintiff to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by PAUL LLP and Weinhaus & Potashnick, and other attorneys with whom they may associate.

6. The proposed settlement is the product of contested litigation. Throughout the course of this case, Defendants disputed the material factual allegations in Plaintiffs' complaint and raised numerous defenses they argued would defeat Plaintiffs' claims in whole or in part.

7. Both Plaintiffs' Counsel and Defendants' Counsel have litigated numerous similar FLSA collective action cases, both against each other and separately, and therefore knew the critical fact questions that would need to be resolved. This enabled the parties to focus on the most-significant contested issues in the case, exchange the critical data needed, and efficiently reach a settlement.

8. The Settlement Agreement provides for individual checks to each of the 215 Plaintiffs in specified amounts that will provide them with the equivalent of an increased reimbursement rate for each delivery made in exchange for a release of their wage and hour claims under state and federal law. The settlement was reached by negotiating a reimbursement rate between the IRS rate, which was Plaintiffs' position, and the rate paid by Defendants, with neither side conceding that such a rate is reasonable or proper. While many Plaintiffs will receive much more, every Plaintiff will receive at least $25.00. Thus, Plaintiffs who made fewer deliveries will receive smaller amounts than those Plaintiffs who made more deliveries.

9. Named Plaintiff Kaylee Wilson substantially assisted counsel in achieving this settlement by providing information necessary to prosecute the case and participating in the mediation via telephone. Ms. Wilson consulted with Plaintiffs' Counsel during each round of settlement negotiations.

10. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1-A.

11. A true and correct copy of the Notice my office sent to the Opt-In Plaintiffs is attached hereto as Exhibit 1-B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this Friday, September 28, 2018.

                                             */s/ Richard M. Paul III*  
                                             Richard M. Paul III

# EXHIBIT 1-A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and between named Plaintiff Kaylee Wilson (the "Named Plaintiff"), on behalf of herself and the Opt-In Plaintiffs (as herein defined), on the one hand, and defendants DFL Pizza, LLC, Minuteman Pizza, Ltd., Tri-City Pizza, Inc. and Pinnacle Pizza, Inc., (collectively "Defendants"), on the other.

## RECITALS

WHEREAS, the Named Plaintiff filed a Complaint against Defendants in the U.S. District Court for the District of Colorado entitled *Kaylee Wilson, individually and on behalf of similarly situated persons v. DFL Pizza, LLC, Minuteman Pizza, Ltd., Tri-City Pizza, Inc. and Pinnacle Pizza, Inc.*, Civil Action No. 1:18-cv-00109-RM-MEH; and

WHEREAS, the Complaint asserted Rule 23 class action claims under the Colorado Minimum Wage of Workers' Act Law ("CMWWA") and collective action claims under the Fair Labor Standards Act ("FLSA"); and

WHEREAS, to facilitate potential resolution of the claims, Defendants consented to conditional collective action certification of the FLSA claims, and the Named Plaintiff dismissed the Rule 23 state law claims based on Defendants' agreement to negotiate settlement using the higher state law minimum wage rates; and

WHEREAS, the Amended Complaint asserted a collective action claim under the Fair Labor Standards Act ("FLSA"), and sought recovery of unpaid vehicle expenses (which the Named Plaintiff alleged reduced net wages below the federal minimum wage), liquidated damages, interest, and attorneys' fees and costs on behalf of current and former delivery drivers who have been employed at Defendants' stores during times relevant; and

WHEREAS, Defendants deny and continue to deny Plaintiffs' allegations in the Litigation and deny and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or cause of action asserted in the Litigation. Nonetheless, without admitting or conceding liability, wrongdoing, or damages, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden and expense of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel have vigorously litigated this case, have analyzed delivery and expense reimbursement data produced by Defendants, and have interviewed numerous current and former delivery drivers regarding the Named Plaintiff's claims; and

WHEREAS, Plaintiffs' Counsel have thoroughly analyzed and evaluated the merits of the claims against Defendants, the merits of Defendants' responses to those claims and their potential defenses, the potential damages to be recovered at a trial, and the impact of this Agreement on the Named Plaintiff and the Opt-In Plaintiffs; and

WHEREAS, based on their analysis and evaluation of relevant factors, and recognizing the risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery whatsoever for the Opt-In Plaintiffs, might result in a recovery less favorable

to the Opt-In Plaintiffs, might result in a recovery more favorable to the Opt-In Plaintiffs, and the likelihood that any recovery for any portion of the damages claimed would not occur for several years, counsel for the Parties are satisfied that the terms and conditions of the Agreement are fair, reasonable, and adequate, and Plaintiffs' Counsel is satisfied that this Agreement is in the best interest of the Opt-In Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions, subject to Court approval of the settlement and dismissal of the Litigation with prejudice:

## 1. DEFINITIONS

The terms set forth herein shall have the meanings ascribed to them below.

**"Complaint"** means the most recent Complaint on file in the Litigation.

**"Claims Administrator"** means RG2 Claims Administration, LLC.

**"Defendants"** means DFL Pizza, LLC, Minuteman Pizza, Ltd., Tri-City Pizza, Inc., and Pinnacle Pizza, Inc. and their related entities.

**"Defendants' Counsel"** means Fisher Phillips LLP.

**"Litigation"** means *Kaylee Wilson, individually and on behalf of similarly situated persons v. DFL Pizza, LLC, Minuteman Pizza, Ltd., Tri-City Pizza, Inc. and Pinnacle Pizza, Inc.*, pending before the U.S. District Court for the District of Colorado, Civil Action No. 1:18-cv-00109-RM-MEH.

**"Named Plaintiff"** means Kaylee Wilson and includes any and all of her representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns, as applicable and without limitation.

**"Opt-In Plaintiffs"** means all persons who have filed a consent to join form in the Litigation on or before August 2, 2018, including the Named Plaintiff and up to five (5) additional persons who file a later consent to join form after mediation and prior to the Court's Final Approval of the Settlement.

**"Parties"** means the Named Plaintiff, the Opt-In Plaintiffs, and Defendants.

**"Plaintiffs' Counsel"** means Rick Paul of Paul LLP and Mark Potashnick of Weinhaus & Potashnick.

**"Released Parties"** means DFL Pizza, LLC, Minuteman Pizza, Ltd., Tri-City Pizza, Inc., Pinnacle Pizza, Inc. and the related entities, along with their respective owners, members, stockholders, franchisors, including Domino's Pizza LLC (and its related entities), predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, insurers, subsidiaries, affiliates, and all persons acting by, through, under or in concert with them.

"**Settlement Amount**" means the total payments required of Defendants under this Agreement in the amount of $325,000.00, which shall be distributed per the terms of this Agreement, subject to approval by the Court.

## 2. SETTLEMENT TERMS

### 2.1 Settlement Payments.

(A) Defendants agree to pay the Settlement Amount to fully and finally resolve and satisfy any and all claims by the Named Plaintiff and the Opt-In Plaintiffs asserted in the Litigation, inclusive of attorney's fees, costs and service awards, and releases per Sections 3.1 and 3.2 below. Said total payment amount shall be distributed as follows:

(B) After deductions provided in Sections 2.1(C) through (F) below, all remaining funds shall be distributed to the Opt-In Plaintiffs on a pro-rata basis according to an equitable formula determined by Plaintiffs' Counsel based primarily on the total number of miles driven by each Opt-In Plaintiff and the reimbursements they received from Defendants. However no Plaintiff shall receive less than $25.00. Within ten (10) business days of execution of this Agreement, Defendants shall provide Plaintiffs' counsel an updated spreadsheet with data for Drivers employed since data was gathered for mediation purposes. Within five (5) business days of the Court's Order approving the Settlement, Plaintiffs' Counsel will email the Claims Administrator and Defendants' Counsel a spreadsheet containing the breakdown of the settlement distribution. Within ten (10) business days after receiving said spreadsheet, Defendants will provide the Claims Administrator the Settlement Amount. Within five (5) business days of the Effective Date of the Settlement, the Claims Administrator will mail (1) a check to Plaintiffs' Counsel for the total amount of Attorneys' Fees and Costs approved by the Court; (2) a check for each Opt-In Plaintiff in the amount specified in said spreadsheet; and (3) a check to Named-Plaintiff in the amount of the $2,500.00 (or such other amount award by the Court). If any payments to Opt-In Plaintiffs are returned by the postal service as undeliverable, Defendants and Plaintiffs' Counsel will provide the Claims Administrator any personally identifiable information of such Opt-In Plaintiffs that Defendants or Plaintiffs' Counsel have in their possession to assist in their search for a more recent address so that the payments can be promptly re-mailed to the correct address. If any Opt-In Plaintiff fails to cash their check within one hundred eighty (180) days after the date of the check, the Claims Administrator will deliver the monies to [insert name of designated charity]..

(C) Two-Thousand Five-Hundred Dollars and No Cents ($2,500.00) shall be distributed to the Named Plaintiff as a service award in recognition of, and in consideration for, the substantial assistance she rendered to Plaintiffs' Counsel and to the Litigation in pursuing the rights of all Opt-In Plaintiffs provided that she signs a Supplemental Settlement Agreement, which shall include a general release and covenant not to sue. A form of the Supplemental Settlement Agreement is attached as Exhibit A.

(D) One-Hundred Eight Thousand Three-Hundred Thirty-Three Dollars and Thirty-Three Cents ($108,333.33) shall be distributed to Plaintiffs' Counsel as attorney's fees, which is

equivalent to 1/3 of the Settlement Amount. Defendants agree not to contest Plaintiffs' Counsel's fee application. In the event the Court reduces Plaintiffs' Counsel's fee request, the amount of the reduction shall be re-allocated to the Opt-In Plaintiffs.

(E) An amount not to exceed Ten Thousand Dollars and No Cents ($10,000.00) shall be distributed to Plaintiffs' Counsel as and for their out-of-pocket costs incurred in pursuing the Litigation.

(F) An amount not to exceed One Thousand Five Hundred Dollars ($1,500.00) shall be paid to the Claims Administrator as and for its claims administration services in connection with the settlement of Litigation and distribution of the payments set forth herein.

(G) All payments set forth in this Section 2.1 are subject to Court approval of the settlement and dismissal of the lawsuit with prejudice upon submission of an appropriate motion by Plaintiffs' Counsel. Defendants agree not to oppose that motion.

## 2.2 Nature of Payments / Taxation of Settlement Disbursements.

(A) The Parties agree that, for tax purposes, all funds distributed to Opt-In Plaintiffs under Section 2.1(B) above shall be treated as reimbursement of self-paid business expenses related to the use of their vehicles, and therefore no taxes shall be withheld from such payments. Also, all payments made to Opt-In Plaintiffs in resolution of their claims in this Litigation will not be considered for purposes of calculating, or recalculating, benefits provided by Defendants under the terms or conditions of any benefits plan.

(B) The Parties agree that, for tax purposes, the service award to the Named Plaintiff under Section 2.1(C) above shall be treated as non-employee income and Defendants shall issue Kaylee Wilson an IRS Form 1099 in the amount of her service award.

(C) Opt-In Plaintiffs shall be solely and exclusively responsible for all taxes, interest and penalties, if any, of any nature, owed with respect to any payment received by them under this Agreement and will indemnify and hold Defendants and Plaintiffs' Counsel harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of an Opt-In Plaintiff's failure to timely and properly pay such taxes.

## 3. RELEASE

### 3.1 Release of Claims.

(A) **Opt-In Plaintiffs:** Each Opt-In Plaintiff releases all claims accrued through the date of this Agreement that were or could have been made against the Released Parties in this Litigation, or similar wage-based claims based on the same facts alleged in the Complaint, including all claims under the Fair Labor Standards Act, 29 U.S.C.§ 201, et. seq., Colorado Minimum Wage and wage payment laws (including but not limited to C.R.S.A. § 8-6-101, *et seq.*, 7 CCR§ 1103-1) and the wage and hour laws of Oklahoma and Wyoming, whether known or unknown, including but not limited to any and all claims arising out of any federal or state wage or minimum wage laws; any and all claims for breach of contract; any and all claims for unpaid or underpaid employee expense reimbursement; any and all

claims for unjust enrichment; and any and all derivative claims relating to unpaid wages or minimum wage compensation against the Released Parties. The Claims Administrator will include in the envelope containing the check to each Opt-In Plaintiff the language of this release provision along with an explanation that each Opt-In Plaintiff is bound by the terms of this Agreement, and specify the Release of Claims provision set forth in this Section. The Claims Administrator will print release language on the back of the check in a form approved by Plaintiffs' and Defendants' Counsel.

(B) **Named Plaintiff:** The Named Plaintiff and Defendants forever and fully release the other from all claims or demands each has or may have against the other accrued through the date of execution of this Agreement. The Named Plaintiff shall sign a separate general release agreement in the form attached as an Exhibit A hereto.

**3.2  Release of Fees and Costs.** Plaintiffs' Counsel and the Named Plaintiff, on behalf of the Opt-In Plaintiffs, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they have or may have against Defendants for attorneys' fees, costs, or expenses associated with this Litigation, including but not limited to those attorneys' fees, costs, or expenses associated with Plaintiffs' Counsel's representation of the Named Plaintiff and the Opt-In Plaintiffs in this Litigation. Plaintiffs' Counsel further understand and agree that any fee and costs payments provided for herein will be the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with Plaintiffs' Counsel's representation of these persons in this Litigation.

**3.3  No Assignment.** The Named Plaintiff, on behalf of the Opt-In Plaintiffs, represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

**3.4  Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to the Named Plaintiff and/or the Opt-In Plaintiffs, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for collective action litigation other than for purposes of settlement. Settlement of the Litigation and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants, or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c), are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason.

**3.5  Court Approval.** Within 45 days of a full execution of this Agreement, the Named Plaintiff will file a motion for final approval of the settlement by the Federal Court. The

parties agree to continue the current stay of the proceedings in the Litigation, pending final approval of the settlement.

**4. NON-DISCLOSURE AND PUBLICITY**

**4.1** Prior to submission of the Agreement to the Court for final approval, the Parties and their counsel will keep the terms, conditions, and existence of the settlement and this Agreement strictly confidential, and will not contact, or comment to, the media about the settlement or this Agreement, or disclose, make known, discuss, or relay orally or in writing, electronically or otherwise, the existence or terms of the settlement or this Agreement, or any information concerning or discussions leading up to the settlement or this Agreement. After submission to the Court of the Motion for Approval, neither Named Plaintiff or Defendants, nor counsel to any Party, may make any public comment, make or have any communications to or with the press or media, or make any form of advertising or public announcement, utilize any form of social media or website, or issue any press release or media release, regarding the terms of this Agreement, except that Counsel may state that a settlement has been reached and the settlement amount. Notwithstanding the foregoing, the Parties shall have the right to disclose this Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles, and may disclose in legal proceedings a summary of the terms of this Agreement. Nothing in this paragraph prohibits Plaintiffs' Counsel from communicating with their clients. Further, nothing in this paragraph prohibits Plaintiffs' Counsel from disclosing their representation in this matter in fee applications, websites, firm bios or individual bios.

**4.2** Nothing in this Agreement shall prohibit Counsel for the Parties from disclosing information concerning this Agreement, to their employees, or their agents to effectuate the terms of this Agreement. Moreover, nothing in this Agreement shall prohibit Defendants from disclosing information concerning this Agreement to their employees or agents to the extent necessary to effectuate the terms of this Agreement or to other individuals who otherwise have a need to know the terms of this Agreement. The Parties may also disclose information concerning this Agreement to their respective counsel and tax, audit, and legal advisors.

**4.3** Nothing in this Agreement shall prevent Defendants or Defendants' Counsel from making any necessary, appropriate, or required disclosures to Defendants' regulators, auditors, bankers, and the like, or from complying with their obligations under the law.

**4.4** Plaintiffs' Counsel will promptly notify Defendants' Counsel of any third-party legal demand that they disclose information pertinent to the settlement or this Agreement.

**5. MISCELLANEOUS**

**5.1** **Cooperation Between and Among the Parties; Further Acts.** The Parties shall cooperate fully with each other in a prompt and timely manner and shall take all necessary steps to effectuate this Agreement.

5.2  **Effect of Failure to Grant Approval:** In the event the Court fails to enter an order approving settlement in accordance with this Agreement (except for a modification of the attorneys' fees or Service Award) the Parties shall proceed as follows:

    a.  The Lawsuit will resume unless the Parties jointly agree to: (a) seek reconsideration or appellate review of the decision denying approval of settlement, or (b) attempt to renegotiate the settlement and seek Court approval of the re-negotiated settlement.

    b.  In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

5.3  **Entire Agreement.** This Agreement including any exhibits constitutes the entire agreement between the Parties, and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.4  **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length with the assistance of an experienced mediator, Adrienne Fechter, Esq. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied on by the Parties in entering into this Agreement. The Parties have been represented and assisted by counsel through the negotiation and drafting of this Agreement.

5.5  **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect on the construction or interpretation of any part of this Agreement.

5.6  **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.7  **Costs.** Except as otherwise provided herein, all Parties shall bear their own costs, expenses and attorneys' fees relating to this Agreement and the Litigation.

5.8  **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment. A failure by any party to insist on the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist on the specific performance of any and all of the provisions of this Agreement.

5.9  **Effective Date; Counterparts.** This Agreement shall become effective upon its execution. Named Plaintiff and Defendants may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Named Plaintiff and Defendants signed the same instrument.

**5.10** **Signatures, Transmittals, Electronic Copies and Facsimiles.** Once a party has executed this Agreement, that signature page may be transmitted by email or facsimile to counsel for the other party. Any signature made and transmitted by email or facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding on the party whose counsel transmits the signature page by email or facsimile.

**5.11** **Authority of Corporate Signatories.** Defendants represent and warrant that they are corporations, existing and in good standing under the laws of its state of formation, and that the person executing this Agreement on its behalf is fully authorized to bind the Defendants.

**5.12** **Reference of Disputes to Mediator.** The Parties agree that, in the event of any dispute arising out of the settlement or this Agreement or in the event that the number of late opt-ins prior to the Court's final approval of the settlement exceeds five (5), the Parties shall first make a good faith effort to resolve said issues on their own. If they are unable to resolve the dispute, the Parties will attempt in good faith to resolve any such dispute before the Mediator, Adrienne Fechter.

DATED:                           DFL PIZZA, LLC, MINUTEMAN PIZZA,
                                 LTD., TRI-CITY PIZZA, INC. AND
                                 PINNACLE PIZZA, INC., on behalf of itself and the
                                 related entities

                                 Signature: _____[signature]_____

                                 By: _CHARLES S. DOCAN_

                                 Their: _FRANCHISEE_


DATED:                           PLAINTIFF KAYLEE WILSON, individually and on
                                 behalf of similarly situated persons

                                 By: _____
                                     Kaylee Wilson

Their:_____
_____

DATED: 9/2/2018            PLAINTIFF KAYLEE WILSON, individually and on behalf of similarly situated persons

By: *Kaylee Wilson*_____
_____    Kaylee Wilson

# EXHIBIT 1-B

# FILED UNDER SEAL